```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

LUIS A. VAZQUEZ-DIAZ,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

23-CV-10639 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner Luis A. Vazquez-Diaz, who is currently confined at the Medical Center for Federal Prisoners in Springfield, Missouri ("Springfield Medical Center"), brings this *pro se* application which he styles as a motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court construes the submission as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and transfers the petition to the United States District Court for the Western District of Missouri.

    Petitioner brings this action using a Section 2255 motion form. In response to the question on the form asking him to state the name and location of the court that entered the judgment of conviction he is challenging, he writes, "[N]o conviction. The New York City Court of Appeals overturned the bogus Bronx County Supreme Court and remanded the case to the district court for release in August 2000." (ECF 1, at 1.) For his grounds for relief, Petitioner states only that he has been "illegally held in prison since August 2000" in violation of his rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (*Id.* at 4.)

    Petitioner has previously filed a similar Section 2255 motion in this court. *See Vazquez-Diaz v. United States*, No. 21-CV-6757 (VB) (S.D.N.Y. Mar. 21, 2022). The following background information on Vazquez-Diaz's confinement is taken from Judge Vincent Briccetti's

March 21, 2022 order in that case.[1] In February 2009, pursuant to 18 U.S.C. § 4246(d),[2] Petitioner was civilly committed by the Western District of Missouri to the Springfield Medical Center. In February 2021, the Western District of Missouri granted the government's request under 18 U.S.C. § 4246(e) that Petitioner be conditionally released to a Residential Reentry Center in the Bronx.[3] In May 2021, the Western District of Missouri ordered Petitioner's arrest due to his failure to comply with a prescribed treatment regimen. On June 24, 2021, he was re-confined at the Springfield Medical Center. On August 24, 2021, after a hearing, the Western District of Missouri revoked Petitioner's conditional release, and in November 2021, the United States Court of Appeals for the Eighth Circuit affirmed the district court's decision. That action was litigated, and by order dated March 21, 2022, Judge Briccetti construed the Section 2255 motion as a petition for a writ of *habeas corpus* under Section 2241, and granted the government's motion to dismiss for lack of subject matter jurisdiction. ECF 7:21-CV-6757, 35.

Here, as in his case before Judge Briccetti, Petitioner is in federal custody, but not pursuant to a federal judgment of conviction or sentence. The Court therefore construes his submission as a petition for a writ of *habeas corpus* under Section 2241. *See Santulli v. United States*, No. 02-CV-8664 (SAS), 2003 WL 21488084, at *2 (S.D.N.Y. June 25, 2003) (Section

---

[1] *See also United States v. Vazques*, No. 6:08-CV-3340 (W.D. Mo. Feb. 27, 2009). Many of the documents from Petitioner's criminal case on which Judge Briccetti's order relied are sealed and not publicly accessible.

[2] Section 4246(d) allows for the commitment to the custody of the Attorney General for treatment of an individual who, following a hearing, is found "by clear and convincing evidence" to be "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk or bodily injury to another person or serious damage to the property of another." 18 U.S.C. § 4246(d).

[3] Section 4246(e) allows for release from commitment under Section 4246(d) when the individual is determined to have "recovered from his mental disease or defect to such an extent that his release would not longer create a substantial risk" to another person or property. 18 U.S.C. § 4246(e).

2255 allows a convicted person in federal custody to "vacate, set aside or correct" an illegal conviction or sentence while Section 2241 applies to "challenges to . . . civil commitment to mental institutions." (citations omitted)).

In order to entertain a *habeas corpus* petition under Section 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Jud. Cir. Ct. of Ky.*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently confined at Springfield Medical Center, which is located in the judicial district of the United States District Court for Western District of Missouri.

Under 28 U.S.C. § 1406(a), when a petition is filed in the wrong district, a district court has the authority, in the interest of justice, to either dismiss the petition or transfer it. In No. 21-CV-6757, Judge Briccetti determined that the interests of justice warranted dismissal rather than transfer to the Western District of Missouri because Petitioner had recently litigated the matter in that court and no purpose would be served by transferring the petition under such circumstances. Because Petitioner's circumstances may have changed in the almost two years since Judge Briccetti issued his order, the Court here exercises its discretion to transfer the matter rather than dismiss it. Therefore, in the interest of justice, this Court transfers this petition to the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Missouri. Whether Petitioner should be permitted to proceed further

without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   January 10, 2024
            New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge